CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 19 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JASON BURGETT, ) | |
|     Petitioner, ) | Civil Action No. 7:07-CV-00324 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, WARDEN, ) | |
|     Respondent. ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |

Petitioner Jason Burgett ("Burgett"), a federal inmate proceeding pro se, brings this action as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with jurisdiction vested under 28 U.S.C. § 1331. Burgett claims that he is entitled to receive prior custody credit for time served in the custody of the U.S. Marshals Service pursuant to two separate charges of armed bank robbery. Upon review of the petition, the court concludes that Burgett has failed to demonstrate entitlement to relief under § 2241.

## I. PROCEDURAL HISTORY

Respondent filed a motion to dismiss or in the alternative, a motion for summary judgement on September 4, 2007.[1] The court notified Burgett of Respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised Burgett that his failure to reply to Respondent's motions may result in dismissal and/or summary judgment being granted for Respondent. Burgett has now filed a response to Respondent's motion, making the matter is ripe for disposition.

On October 9, 1996, Burgett was sentenced by the State of Wisconsin to a term of

---

[1] Respondent's motion argues that Burgett failed to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and that the claims are without merit. Because the motion incorporates affidavits, the court must address this motion under the summary judgment standard, pursuant to Federal Rules of Civil Procedure 12(b) and 56.

imprisonment of three years and six months. On February 4, 1998, Burgett escaped from state custody. On April 13, 1998, federal authorities arrested Burgett and charged him with committing two acts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). Burgett pleaded guilty, pursuant to a plea agreement, to one count of armed bank robbery in the U.S. District Court for the Eastern District of Wisconsin; on October 14, 1998, the court sentenced him to a 108 month term of imprisonment to be served consecutive to his state sentence. Burgett was then removed from federal custody and returned to state custody to serve the remaining time of his state sentence. Burgett received 185 days of prior custody credit against his state sentence for the time served from the date of his arrest on April 13, 1998, through October 14, 1998, when he was returned to state custody.

On January 21, 1999, the U.S. Marshals Service assumed temporary custody of Burgett, pursuant to a writ of habeas corpus ad prosequendum, for an appearance in the U.S. District Court for the Eastern District of Wisconsin on the second charge of armed bank robbery. On February 9, 1999, while borrowed on the writ, Burgett was released from his state sentence via mandatory release. It was at this time that his federal sentence began to run.

After pleading guilty to the second charge of armed bank robbery, Burgett was sentenced by the district court to a ninety-two month term of imprisonment with all but twenty-four months to run concurrent to the sentence imposed on October 14, 1998. The remaining twenty-four months was ordered to be served consecutive to the 108 month term of imprisonment previously given, for an aggregate sentence of 132 months.

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

Burgett claims that his sentence has been miscalculated and is seeking prior custody credit for the time period beginning January 5, 1999 and ending May 14, 1999; however, Burgett has failed to fully exhaust his administrative remedies through the Bureau of Prisons ("BOP") grievance process. Accordingly, this court is without jurisdiction to address Burgett's claim at this time, and the motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), must be granted.

Pursuant to 28 C.F.R. § 542.10, et seq., the BOP has established a three-tiered administrative remedy procedure through which an inmate may seek a formal review of an issue or complaint relating to his or her confinement. A federal inmate must first exhaust these administrative remedies before filing a § 2241 petition challenging the computation of his or her sentence. 28 C.F.R. § 542.10, et seq. An inmate must first pursue an informal resolution by informing the correctional facility staff of his issue of concern. 28 C.F.R. § 542.13. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal to the Regional Director within twenty calendar of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, D.C., using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. See id.

3

An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. See 28 C.F.R. § 542.15(a).

In this case, it is clear from the exhibit[2] filed with Respondent's motion to dismiss, that Burgett has not exhausted his administrative remedies as to his claim that he is entitled to receive prior custody credit. During the appeals process, the Regional Director instructed Burgett to resubmit a previously filed administrative remedy. The Regional Director informed Burgett that his appeal would be considered timely if he filed within ten days. Rather than file with the Regional Director, Burgett filed an appeal with the Office of General Counsel. The ten-day time limitation has since expired.

Accordingly, this court is without jurisdiction to address the claim at this time, and the motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), must be granted. As it is unclear whether Burgett could still exhaust administrative remedies as to this claim, the court will dismiss his claim without prejudice.[3]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Petitioner and to counsel of record for Respondent.

---

[2] The exhibit details the declaration of the Supervisory Attorney for the Consolidated Legal Center located at the Federal Correctional Institution in Beckley, West Virginia. The Supervisory Attorney has access to SENTRY, the BOP's online information system. SENTRY tracks administrative remedy records for inmates at federal correctional facilities. Pursuant to the SENTRY record, Burgett was instructed to file a complaint with the Warden at USP Lee County. Burgett disregarded this instruction and filed an appeal with the Office of General Counsel. The Office of General Counsel rejected his claim for not completing the process at the institutional level.

[3] The court notes, however, that Burgett's claim lacks merit. Burgett claims that he should be given credit for the time period commencing January 5, 1999 (the date he was borrowed by U.S. Marshals via writ of habeas corpus ad prosequendum), and ending May 14, 1999 (the date he was sentenced in federal court on case no. 99-cr-2). Burgett received credit for this time on his Wisconsin state sentence and is therefore not entitled to receive prior custody credit for this time period. See Respondent's Exhibit 1, Paragraph 14 ("Declaration of Craig Pickles"). Under 18 U.S.C. § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. See United States v. Wilson, 503 U.S.329, 337 (1992); Petty v. United States Parole Comm'n, 2005 U.S. Dist. LEXIS 15591 (D. Va. Aug. 1, 2005). It is clear that Burgett is not entitled to receive credit on his federal sentence for this time period.

**ENTER:** This 19th day of October, 2007.

/s/ James C. Turk
Senior United States District Judge

5